

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| JOSHUA D. WASHBURN,<br>    Plaintiff,<br><br>vs.<br><br>CITY OF BLACKVILLE; BLACKVILLE<br>TOWN HALL & POLICE DEPARTMENT;<br>MAYOR RONNIE PERNELL; MAGISTRATE<br>JUDGE JIMMY W. GANTT; TOWN<br>ADMINISTRATOR FONDA PATRICK;<br>CHIEF SHAWN HOWZE; RAY<br>CRAWFORD; BRIAN GRAY; and MAURICE<br>L. HUGGINS,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:25-569-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THIS MATTER WITHOUT PREJUDICE
AND WITHOUT FURTHER LEAVE FOR AMENDMENT**

Plaintiff Joshua D. Washburn (Washburn), who is representing himself, filed this civil action against Defendants City of Blackville, Blackville Town Hall & Police Department, Mayor Ronnie Pernell, Magistrate Judge Jimmy W. Gantt, Town Administrator Fonda Patrick, Chief Shawn Howze, Ray Crawford, Brian Gray, and Maurice L. Huggins, alleging violations of his constitutional rights.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss this matter without further leave for amendment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 10, 2025. To date, Washburn has failed to file any objections.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court this matter is **DISMISSED WITHOUT PREJUDICE** and without further leave for amendment.

**IT IS SO ORDERED.**

Signed this 16th day of April 2025, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Washburn is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.